IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br><br>  Plaintiff,  <br><br>  v.  <br><br> BRYANT F. HOLT,  <br><br>  Defendant. | Case No. 20-cr-40004-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Bryant F. Holt's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 50). The Government has responded to the motion (Doc. 56). The defendant did not reply, although he was given an opportunity to do so.

The defendant pled guilty to one count of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Court found that the defendant's total offense level was 29. He had accumulated 9 criminal history points, none of which were assessed because he was under a criminal justice sentence at the time of his offense ("status points"), so his criminal history category was IV. These findings led to a guideline sentencing range of 121 to 151 months, but because the statute of conviction carried a 10-year maximum sentence, his effective range was 120 months. The Court varied downward to sentenced him to serve 108 months in prison.

The defendant now cites recent changes to the Sentencing Guidelines to seek a reduced sentence. Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points, Amendment 821

provides that their 2-point assessment be reduced to 1 or no points. Part B of Amendment 821 added U.S.S.G. § 4C1.1 (2023) to reduce the offense level of some offenders with no criminal history points. Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023). Rather than discussing Amendment 821, the defendant objects to a specific offense characteristic considered when reaching his offense level. Amendment 821 can give him no relief based on such an objection.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 821 did not lower the defendant's guideline sentencing range. The defendant did not have status points, so Part A does not apply. He also had criminal history points, so Part B does not apply either. Thus, Amendment 821 did not result in a lower offense level or criminal history category, so it did not lower the defendant's sentencing range. Therefore, the defendant is not eligible for a sentence reduction.

For the foregoing reasons, the Court **DENIES** Holt's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 50).

**IT IS SO ORDERED.**
**DATED:   April 7, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
